In re Charles W. HENDRICKS, Debtor.

BARCLAYS AMERICAN FINANCIAL, Plaintiff,

v.

Charles W. HENDRICKS, Defendant.

Bankruptcy No. 3–80–02292.
Adv. No. 3–80–0476.

United States Bankruptcy Court, W. D. Kentucky.

July 16, 1981.

Barbara S. Averell, Louisville, Ky., for plaintiff.

Wesley Gersh, Louisville, Ky., for debtor.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on motion of the plaintiff-creditor for costs and attorney's fees. Originally, this Court's jurisdiction was invoked pursuant to 11 U.S.C. § 362 wherein plaintiff sought to have the automatic stay terminated in order to obtain possession of its collateral by availing itself of its nonbankruptcy law remedies.

The debtor filed its petition for relief on August 7, 1980, and a meeting of creditors was set to September 9, 1980. Subsequently, on November 13, the plaintiff filed its complaint. Thereafter, on January 9, 1981, Judge Deitz entered an order terminating the stay

Authority for a bankruptcy court to award costs is set forth in Rule 754(b) which provides, "On one day's notice costs may be taxed and judgment therefor rendered by the court." This rule follows Rule 54(d) of the Federal Rules of Civil Procedure.

The advisory committee's note to Rule 754 explains:

"The bankruptcy courts have followed the equity practice of allowing costs to either party as a matter of ·discretion.... Because of the adverse effect on creditors of imposing costs on a bankrupt estate and the reciprocal equities of those involved in litigation with such an estate, costs have often been denied either party in contested proceedings in bankruptcy cases. Subdivision (b) preserves the traditional approach by leaving the taxation of costs in such proceedings to the court's discretion."

Here, plaintiff held a validly perfected security interest in a Capehart console stereo and General Electric color television set, and at the time these proceedings were instituted the debtor was indebted to plaintiff in the amount of $510.33. In its complaint plaintiff alleged the value of the collateral to be not more than the debt owed to it by the debtor.

It is therefore well settled that the relief sought by plaintiff is within the sound discretion of the Court. The more

difficult issue is to determine under what circumstances the award should be made, and when it should be denied. The surrounding circumstances of each case is the determinative criteria to be utilized.

Although a secured claim survives a discharge in bankruptcy and the stay dissolves upon the completion of administration, this result is not always desirable, particularly when the claim is partially secured or undersecured. For this reason, Congress provided the mechanism whereby a creditor who is not adequately protected may obtain relief. 11 U.S.C. § 362 was conceived as a shield, not a sword.

On July 21, 1980, this court entered an order adopting and making effective on August 1, 1980, Local Rules of Court for the United States Bankruptcy Court for the Western District of Kentucky. Germane here is Local Rule No. 9, which permits a debtor and a creditor to enter into an interim reaffirmation agreement, thereby permitting the debtor to retain possession of the collateral during administration of the case, and at the same time providing adequate protection to the interest of the secured creditor. Pertinent here is subsection (b) which provides:

"(b) If the debtor retains the secured property (sub. § (a) of this Rule) in his possession, payments sufficient to insure adequate protection from loss (i.e., contract payment and/or interest and/or reasonable depreciation costs and/or insurance) must be made to the creditor. Should the interim reaffirmation agreement not receive court approval at the § 524 hearing, the stay order would be vacated and the monthly payments made to the secured creditor during the pendency of the case, may be retained by the creditor as compensation for use and depreciation of the collateral."

It is obvious that it would be inequitable to permit a debtor to retain the collateral which is generally depreciating for a period of ninety to one hundred twenty days without adequate compensation to the creditor. If in every case a creditor would be required to institute an adversary proceeding to recover its collateral and have no hope of recovering its costs, then it is obvious that most debtors would not negotiate in good faith. Consequently, the Court concludes that the award of costs would be appropriate in certain instances.

■ Since it is within the Court's discretion to make such awards, it would be inappropriate for the Court to adopt a rigid rule which would either require the award of costs in every adversary proceeding or conversely deny such requests in every case. It is therefore axiomatic that the surrounding circumstances in each proceeding must be considered in deciding motions for the award of costs.

■ Here, the debtor retained possession of the collateral for a period in excess of one hundred and fifty days without compensation to the creditor. On the other hand, the creditor, in instituting this proceeding utilized a form complaint where blanks are filled in with certain pertinent information. It is obvious that the creditor's attorney expended very little time in the performance of legal services. In addition, the creditor's attorney participated in a brief telephonic conference, and thereafter tendered an order terminating the stay. It would appear that the costs to the creditor for legal services in this particular proceeding are nominal, and to require the debtor to pay the attorney's fees would probably constitute a hardship to the debtor. In summary, the Court finds that the equities dictate that the creditor absorb the cost of its own attorney fees. However, it would be unfair for the creditor to be denied all the relief requested, and therefore, the Court finds that the creditor is entitled to its costs of instituting the proceeding.

IT IS ORDERED AND ADJUDGED that the motion for attorney fees be and is overruled.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff be and is awarded its costs in the amount of Sixty Dollars ($60.00).

A copy of this memorandum and order is mailed to Barbara S. Averell, attorney for

plaintiff; and to Wesley Gersh, attorney for the debtor.